**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

HELEN SWARTZ, Individually

                Plaintiff,

      -against-

CACHET HOTEL AMERICAS CORPORATION, a Delaware Corporation,

                Defendant.

-------------------------------------------------------------------x

**Case No.:  1:19-cv-11266-LTS**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, CACHET HOTEL AMERICAS CORPORATION (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis P.C., for its Answer to Plaintiff's Complaint (the "Complaint") herein, states as follows:

### AS TO "COUNT I"

1. Defendant admits the allegations set forth in Paragraph "1" of the Complaint.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint, except denies that

-2-

Plaintiff plans to return to the property alleged therein or encountered architectural barriers that impaired her use of the property or endangered her as alleged therein.

   5.  Defendant denies the allegations set forth in Paragraph "5" of the Complaint except admits that it owns, operates or leases THE CACHET BOTIQUE NEW YORK HOTEL located at 510 West 42nd Street, New York, NY.

   6.  Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

   7.  Defendant denies the allegations set forth in Paragraph "7" of the Complaint.

   8.  Defendant denies the allegations set forth in Paragraph "8" of the Complaint, including subparagraphs (a) through (ff) alleged therein.

   9.  Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

   10.  Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

   11.  Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

   12.  Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

   13.  The allegations in Paragraph "13" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. The allegations in Paragraph "15" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

## AS TO "COUNT II"
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

17. Defendant repeats its responses set forth in Paragraphs 1 through 16 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "17" of the Complaint.

18. The allegations set forth in Paragraph "18" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

19. The allegations set forth in Paragraph "19" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

20. The allegations set forth in Paragraph "20" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. The allegations set forth in Paragraph "22" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

23. The allegations set forth in Paragraph "23" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint, except admits that certain portions of the property referenced therein are open to the public as a hotel.

25. The allegations set forth in Paragraph "25" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in any of the "Wherefore" clauses set forth in the Complaint.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

As separate and distinct affirmative defenses to the Complaint and the alleged causes of action, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part to the extent Defendant relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the subject premises.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act and/or applicable state and local public accommodation laws.

**FIFTH AFFIRMATIVE DEFENSE**

The removal of any barriers by Defendant is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

**SIXTH AFFIRMATIVE DEFENSE**

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff claims are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent she lacks standing to pursue such claims.

**TENTH AFFIRMATIVE DEFENSE**

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, based on the doctrine of unclean hands.

-7-

**WHEREFORE**, Defendant respectfully requests the Court to:

- a. Dismiss the Complaint in its entirety, with prejudice;

- b. Deny each and every demand, claim and prayer for relief contained in the Complaint;

- c. Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

- d. Grant Defendant such other and further relief as the Court deems just and proper.

Dated: March 4, 2020
White Plains, New York

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060

By: */s/ Joseph J. Lynett*
Joseph J. Lynett
Rebecca M. McCloskey
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

HELEN SWARTZ, Individually

                Plaintiff,

      -against-

**Case No.:  1:19-cv-11266-LTS**

CACHET HOTEL AMERICAS CORPORATION, a Delaware Corporation,

                Defendant.

-------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Answer to Plaintiff's Complaint has been electronically filed and served via First Class mail at the addresses set forth below on the 4th day of March, 2020 on counsel for the Party who entered their notice of appearance in this matter:

Lawrence A. Fuller (LF 5450)
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
305-891-5199

*Attorneys for Plaintiff Helen Swartz*

                */s/ Joseph J. Lynett*
                Joseph J. Lynett

4815-2364-6134, v. 1